IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JASPER DEWAYNE WEST, | : |
| Plaintiff | : |
| VS. | : NO. 5:14-cv-0327-MTT-CHW |
| Doctor BURNSIDE | : |
| Defendant | : |

## ORDER

Plaintiff Jasper Dewayne West, a state inmate currently confined at Georgia State Prison, in Reidsville, Georgia, filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983.  The Court has now conducted a preliminary review of Plaintiff's Complaint, as required by 28 U.S.C. § 1915A(a), and finds that Plaintiff's allegations fail to state a claim upon which relief may be granted.  The Complaint is accordingly **DISMISSED**. *See* 28 U.S.C. § 1915A(b)(1).  Plaintiff's Motion for Appointment of Counsel (Doc. 5) is **DENIED**; and his Motion to Proceed *in forma pauperis* (Doc. 4) is granted only for the purpose of this dismissal.

## STANDARD OF REVIEW

Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," this Court is required to conduct a preliminary screening of his Complaint. *See* 28 U.S.C. § 1915A(a).  In so doing, the district court must accept all factual allegations in the complaint as true.  *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).  *Pro se* pleadings are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed."

*Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint – when viewed liberally and in the light most favorable to the plaintiff – is frivolous or malicious, seeks relief from an immune defendant, or otherwise fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). To survive a preliminary review, a complaint must "raise the right to relief above the speculative level" by alleging specific facts and creating "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. *See Twombly*, 550 U.S. at 555-56.

## ANALYSIS OF CLAIMS

This action arises out of Plaintiff's confinement at the Georgia Diagnostic and Classification Prison in Jackson, Georgia. The Complaint alleges that the prison's physician, Defendant Burnside, refused to renew Plaintiff's "snack profile" on January 23, 2014, and that Plaintiff has since "suffered a[ ] large of loss weight." Based on this allegation and because Plaintiff has only sued the prison physician, the Court presumes that Plaintiff has attempted to bring an Eighth Amendment claim against Dr. Burnside for denial of medical care.

Even when all facts are read in his favor, however, Plaintiff's cursory complaint fails to state such a claim. To state an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts to show (1) that his medical need was objectively serious; and (2) that the defendant acted with deliberate indifference to his serious need. *Wilson v. Seiter*, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Deliberate indifference is shown if the facts suggest that the defendant had "subjective knowledge of a risk of serious harm; [and] disregard[ed] . . . that risk . . . by conduct that is more than mere negligence." *Cagle v. Sutherland*, 334 F.3d 980, 987 (11th Cir. 2003).

In this case, Plaintiff's Complaint does not include any information about his specific medical need, much less establish the existence of an "objectively serious medical need." Even if the Court were to assume Plaintiff's prior "snack profile" was required by a serious medical condition, his Complaint also does not allege any facts to show that Plaintiff still suffered from this condition when Dr. Burnside refused to renew it. Nor does the Complaint allege facts showing that Dr. Burnside was aware he was placing Plaintiff at "risk of serious harm" by failing to renew the profile or that he disregarded this risk through conduct that was "more than mere negligence." *See id.*

The Court thus finds that Plaintiff's Complaint fails to state an Eighth Amendment claim against Defendant. Because the facts alleged are not complex and the issues raised by Plaintiff's claims are not novel, the Court also finds that Plaintiff is not entitled to the appointment of counsel. *See Poole v. Lambert*, 819 F.2d 1025 (11th Cir. 1987).

## CONCLUSION

Plaintiff's Complaint is accordingly **DISMISSED without prejudice**,[1] pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.   Plaintiff's Motion for Appointment of Counsel (Doc. 5) is **DENIED**; and his Motion to Proceed *in forma pauperis* (Doc. 4) is granted only for the purpose of this dismissal.

**SO ORDERED**, this 1day of September, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jlr

---

[1] "When a *pro se* plaintiff fails to state a claim and a more carefully drafted complaint might state a claim, dismissal should be without prejudice." *Washington v. Wigington*, No. 1:12–CV–0637–WSD–JFK, 2012 WL 3834844 (N.D. Ga. July 27, 2012).   See also *Quinlan v. Pers. Transp. Servs. Co.*, 329 F. App'x 246, 249 (11th Cir. 2009) ("[W]e never have stated that a district court *sua sponte* must allow a plaintiff an opportunity to amend where it dismisses a complaint *without prejudice*.") (emphasis in original)); *Bazrowx v. Scott*, 136 F.3d 1053, 105455 (5th Cir.1998) (dismissal of *pro se* complaint without granting leave to amend was proper where dismissal was without prejudice).

-4-